ZADOK HOOK, ADM'R OF THOMAS G. ADAIR, INTERPLEADER, Defendant in Error, v. STEPHEN CRAGHEAD, Plaintiff in Error.

*Fraudulent Conveyance—Mortgage.*—Judgment affirmed, although erroneous instruction given, the other instructions fairly presenting the case to the jury.

*Error to Callaway Circuit Court.*

The following instructions were given by the court of its own motion:

1. If both or either of said mortgages were made in good faith for the purpose of securing the debts therein mentioned, and with no purpose at the time they were executed to hinder, delay or defraud the other creditors of Franklin, the jury must find the issue for plaintiff, unless they further

find from the evidence, that Adair permitted Franklin to remain in possession of said goods and dispose of same for his own use.

2. If the jury find that Adair has paid to Wise the amount of the note secured by the mortgage, he being security on said note for Franklin, by the payment thereof he is substituted to all the rights which Wise had to the property, and has a right to hold the same as Wise would have had.

3. If Wise transferred his interest in the mortgage by assignment on the back of the mortgage, the assignment is conclusive evidence of his acceptance of it.

To the giving of the instructions asked by the plaintiff, the defendant objected and excepted.

On motion of defendant, the court gave the following instructions:

1. If the jury believe from the evidence in this cause, that John B. Franklin retained the possession of the goods, wares and merchandise in controversy, after the execution and delivery of the mortgages, and sold and disposed of the same or any part of them for his own use and benefit, with the knowledge or consent of Adair, they will find said mortgages fraudulent as to the creditors of said Franklin.

2. If the mortgages introduced as evidence in this cause, were made by Franklin with the intent to hinder, delay or defraud his creditors, or either of them, and that Adair was privy thereto, they will find a verdict for Craghead, although they may believe from the evidence that the debts said mortgages were made to secure, were *bona fide*, honest, correct and just.

3. Fraud may be proved as well by circumstantial, as by direct and positive testimony.

4. If the jury find from the evidence that J. B. Franklin, at the time of the execution of deeds of mortgage was indebted, and they further find that the goods, wares and merchandise conveyed by said mortgages were left in the possession and under the control of J. B. Franklin, grantor, and that said Franklin continued to sell said goods, &c., con-

veyed ———, and the fact of selling was known to Adair, the deeds of mortgage are void as to the creditors in law, and they will find for Craghead.

*Boulware* and *Belch*, for plaintiff in error.

In this case the verdict is against all the evidence, and the court should have granted a new trial. (2 Gil. 285.) The 3d instruction given for plaintiff is clearly erroneous, and is in conflict with instructions given by the court, asked by defendant. It was held in case of Benham v. Cary, 11 Wend. 83, that when the charge of the court has a tendency to make an erroneous impression upon the jury, &c., a new trial will be granted ; and in 18 Maine, 436, it was held that when instructions give leave to the jury to draw an incorrect inference from facts material to the issue, the verdict will be set aside.

Adair waived any advantage he may have had, by having possession of the goods attached. He should have given bond and retained the goods, or sued in trespass.

*Hayden & Hockaday*, for defendant in error.

To sustain the judgment of the court below, the defendant in error relies upon the following points and authorities :

I. The court committed no error in giving the instruction for plaintiff, marked 3 in this brief. The instruction simply presents the view, that it was a fair transaction, and that Adair had a right to release any part, or all of the mortgaged property.

II. The jury could not have found otherwise than for the plaintiff in the cause ; for it will be seen by reference to the issue on the interplea, that the only question in regard to one of the mortgages (the Wise mortgage) was, that it had been paid by money furnished by Franklin and was therefore fraudulent. The defendant offered no proof on this issue ; but, on the contrary, there was positive evidence that Adair had paid off the mortgage, borrowing part of the money for that purpose, and took an assignment on the back

of it; and he being security, was substituted for all of Wise's right under the same. This mortgage, by the issue not being attacked, as made with intent to hinder, delay or defraud the creditors of Franklin, was therefore valid, there being no proof under the issue that Franklin ever furnished Adair money to pay it off with.

III. The instructions given for defendant presented the whole case to the jury under the evidence; and although in some features unwarranted by the law, of this the defendant cannot complain. All that has ever been declared is, that if the power of disposition is not apparent upon the face of the instrument, but exists by a verbal understanding, independent of the instrument, it then becomes a question of fact, to be determined by the jury, who are the sole judges thereof. (State to use Voullaire v. Tasker, 31 Mo. 445.)

IV. Upon the whole case as presented by the evidence and instructions, the verdict and judgment were for the right party. And it has frequently been decided by this court, that the Supreme Court will not reverse in a case where error was committed, unless it has been manifestly detrimental to the party complaining. The only errors committed in this case were those in favor of the plaintiff in error.

BATES, Judge, delivered the opinion of the court.

Craghead sued Franklin by attachment and caused goods to be seized which were in the possession of Adair. Adair interpleaded, and claimed the goods by virtue of two mortgages executed by Franklin; Craghead answered to the interplea, that as to one of the mortgages (which had been made to one Wise and by him assigned to Adair) that it had been paid by Adair with money furnished by Franklin for that purpose; and as to the other mortgage made by Franklin to Adair, that it was fraudulent, without consideration and in aid of an attempt on the part of Franklin to hinder, delay and defraud his creditors.

At the trial, evidence was given that after the maturity of

the notes secured by the mortgages, Franklin for a time continued in possession of the goods and sold some of them in payment of his debts, and in one instance for money. And evidence was given tending to prove that these sales were made with the knowledge of Adair. And evidence was given that, in one instance, one Thomas, a creditor of Franklin, went to Adair to see about the matter, and that Adair stated that he had a mortgage on the goods, and told Thomas to get out of the store goods for the sum which Franklin owed him ; which Thomas did, and paid for them with Franklin's note which he held.

At the trial many instructions were given, some of which were asked by the plaintiff, some were volunteered by the court, and all which the defendant asked were given. (By the plaintiff is here meant Adair, the interpleader, and by the defendant is meant Craghead.)

There was verdict and judgment for the plaintiff, and defendant brought up the case.

In this court, complaint is made of one of the instructions given at the instance of the plaintiff, as follows :

" Although the jury may believe from the evidence that Adair sold or delivered to John P. Thomas goods belonging to the stock mortgaged, and took in the note of Franklin held by Thomas, such sale or delivery to Thomas does not render the mortgage fraudulent ; on the contrary, Adair had a right to release any part of the goods for the benefit of any other creditor of Franklin, without impairing the validity of the mortgage as to the balance of the goods."

This instruction is predicated upon a state of case in nowise supported by the evidence. The evidence on the subject of sales of the goods, showed that the sales were made by Franklin, and not by Adair, as supposed by the instruction. The instruction ought not to have been given. But as the other instructions put the case to the jury as favorably for the defendant as the evidence would warrant, and as it is apparent the obnoxious instruction could do the defendant no harm—and furthermore, as there had been two mistrials

before the verdict was recovered, we think the ends of substantial justice will be better subserved by sustaining than disturbing it.

Judgment affirmed.    Judges Bay and Dryden concur.