THE STATE ex rel. NICHOLAS B. CONRAD, Prosecuting Attorney, Appellant, v. R. H. PIPER, County Collector, et al.

In Banc, November 25, 1908.

1. **TAXATION: County and Township Rate.** In a county having township organization, the taxes levied by the township boards are to be considered as a part of the taxes levied by the county court "for county purposes." Eighty per cent of the taxes levied "for county purposes" go to the county, and twenty per cent to the township boards, and if the tax levied by the county court is the maximum rate permitted by the Constitution "for county purposes" the townships can have, for road and all other purposes, only twenty per cent of the amount levied by the county court.

2. ———: ———: **Accepted by County Collector.** Where the maximum constitutional rate "for county purposes" was forty cents and that rate was levied by the county court, the taxpayer who has paid to the road overseer a levy by the township board of a tax of ten, twelve or fifteen cents on the $100, cannot require the *ex-officio* county collector to give him credit for the amount so paid. The county is, in such case, entitled to thirty-two cents, and the township board to eight cents for all township purposes.

3. ———: ———: **Apportionment: Sections 9284 and 10324.** The county court has the power to apportion the whole levy "for county purposes" by reserving eighty per cent of the maximum levy for general county purposes, and giving twenty per cent to the township board to be administered by it in building its roads and paying its necessary expenses. The township board must exercise its taxing power in subordination to the authority of the county court to make the apportionment given it by section 9284, Revised Statutes 1899. That section is not in conflict with section 10324, Revised Statutes 1899, nor with the section of like number enacted in 1901, Laws 1901, p. 254.

4. ———: **Township Organization: Invalid Assessment.** Under the Act of 1907, Laws 1907, p. 447, which says that "in all counties having adopted or which may hereafter adopt township organization, wherein the last previous annual assessment shall have been made and returned in separate books for each township or separated into townships on the assessor's books, township taxes may be levied on the taxable property in all such townships for the first year following the adoptions of township organization in such counties, based on such assessment," a road

tax levied by the township boards for 1907, in a county which in 1906 adopted township organization, based on the county assessor's books for 1906, is illegal and void, because the county assessment was not made and returned on separate books for each township.

Appeal from Henry Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED.

*Nicholas B. Conrad* and *Barnett & Barnett* for appellant.

(1) Township taxes levied in counties which have adopted township organization are taxes for county purposes within the meaning of the Constitution and all county taxes including the township taxes cannot exceed forty cents on the one hundred dollars valuation. State ex rel. v. Railroad, 123 Mo. 72; State ex rel. v. Railroad, 145 Mo. 596. (2) The township board of directors have authority to levy upon all real and personal estate in their townships made taxable by law for state and county purposes a sufficient tax to keep the roads and highways of their townships in good repair, not to exceed fifteen cents on the one hundred dollars valuation, and all money collected for roads, highways and bridges shall be kept by the township treasurer as a district fund and shall only be paid out on the order of the overseer of the road district to which it belongs. Laws 1901, p. 254, sec. 10324. (a) And said road tax shall be paid to the road overseer of the district who shall properly receipt the taxpayer therefor. Secs. 10327 and 10328, Laws 1901, p. 255. (b) As the township board had authority to levy this tax for road purposes and this levy was made not to exceed the limit prescribed by law in April, 1907, but the county levy was made by the county court in May of the same year, the county court should have taken this road levy into account

and should only have levied the sum for county pur-
poses which, taken in connection with this road tax,
would have in the aggregate amounted to forty cents
on the one hundred dollars.   (3)  It is contended by
respondent that no assessment had been made for the
year 1907 for township purposes under township organ-
ization.   It is true that there had been no assessment
by the township assessor, but the property had been
assessed for purposes of taxation at the proper time
the preceding year for the taxes 1907, and there could
not have been an assessment by the township assessor
in time for taxes for the year 1907, as the township
organization did not go into effect in time to do this,
as the assessment is always for the succeeding year,
but the county assessor was the proper assessor
at the time the assessment was made.   The only pur-
pose of the assessment is to fix the valuation of the
property, and this valuation has been properly fixed
by the lawful assessor at the time, and this assess-
ment was for the purpose of taxation for the year
1907.   The assessor had nothing to do with fixing rates
nor with the purposes for which taxes may be levied;
he only fixes values.   The authorities under township
organization take up the matter just where they find
it—they find a valid assessment already made by a
competent assessor; they appropriate this assessment
and make the levy based thereon.   There is no reason
why the township board should not levy their taxes
based upon an existing valid assessment made by the
county assessor.   The townships and the county are
not separate and independent corporate bodies.   State
ex rel. v. Railroad, 123 Mo. 77.   (4)  The eight cents
on the one hundred dollars valuation set apart by
the county court in its levy made May, 1907, for the
use of the various townships is not a road tax but is
simply for the general expenses of the townships, such
as paying officers, etc.

*C. A. Calvird* and *James D. Lindsay* for respondents.

(1) The levy attempted to be made by the township boards was unauthorized and invalid, for the reason that the assessment made and returned in Henry county in 1906 was not made and returned in the form and manner provided by law to serve as the basis of a levy of taxes by the township boards, in 1907. To authorize a levy, or the making of estimates for levies, by such boards, in the year 1907, it was essential that the previous annual assessment should have been made out and returned in separate books for each township, or separated into townships on the assessor's books. Secs. 10316 and 10316a, Laws 1907, p. 447. (2) A valid assessment has invariably been held an essential prerequisite to the lawful exercise of the taxing power. Abbott v. Lindenbower, 42 Mo. 162; State ex rel. v. Railroad, 114 Mo. 1; State ex rel. v. Thompson, 149 Mo. 441; State ex rel. v. Bank, 180 Mo. 717. (a) All municipal organizations must show grant of any authority to tax which they may assume to exercise. Cooley on Taxation (2 Ed.), p. 348; Cooley on Constitutional Limitations (7 Ed.), pp. 747, 748. (b) The only taxes which can be levied by a county court or a township board are such as are provided for by statute. The power is a sovereign one, and can only be exercised in pursuance of laws passed by the Legislature. The power must be clearly given. The Legislature may impose the conditions upon which the taxing power may be exercised; and, where such conditions are made essential to the exercise of the power, they must be observed before the power can be lawfully exercised. State ex rel. v. Railroad, 87 Mo. 236; State ex rel. v. Railroad, 97 Mo. 296; State ex rel. v. Shortridge, 56 Mo. 126; City of Carondelet to use v. Picot, 38 Mo. 125; State ex rel. v. Railroad, 149 Mo. 635; Railroad v. Apperson, 97

Mo. 300. (3) Even though the assessment as made and returned had furnished a lawful basis for. levies or estimates of levies by the township boards (which respondents wholly deny), relator can not enjoin the collection of any portion of the thirty-two cents levied "for county purposes" by the county court. The power of the county court in counties under township organization to apportion eighty per cent of the taxes that may be levied "for county purposes" to the county organization, where the necessities of the county require it, and where also the township estimates and the county estimates, taken together, exceed the constitutional limit, cannot be destroyed by any levy the township boards may make, or attempt to make, for any purpose whatever. Secs. 9280, 9283, 9284, R. S. 1899; State ex rel. v. Railroad, 145 Mo. 596; State ex rel. v. Railroad, 123 Mo. 72; State ex rel. v. Railroad, 101 Mo. 120. The taxes which may be levied "for county purposes" include not only all taxes levied by the county court for the needs of the county organization, for the purposes specified in section 9283, but also all taxes that may be levied by "municipal townships for road purposes," and all taxes that may be levied by municipal townships under township organization for either township or road purposes.

VALLIANT, J.—Appeal from the Henry County Circuit Court. This is a suit to enjoin the county collector and other officials of Henry county from collecting a part of the county tax, which relator contends is illegal. The county has an assessed valuation of more than six million and less than ten million dollars, therefore the constitutional limit of taxation for all county purposes is forty cents on the hundred dollars. At the election held in November, 1906, the county adopted township organization and was divided into nineteen municipal townships. In

April, 1907, the several township boards assessed a road tax for their respective townships; these assessments varied in rate, ten, twelve and fifteen cents on the $100. In May, 1907, the county court made its annual tax assessment for all purposes within the scope of its jurisdiction; this assessment was forty cents on the $100, being the full constitutional limit, and that court apportioned eight cents of this forty to the various townships for their purposes, reserving thirty-two cents for general county purposes. Thus it will be seen that the thirty-two cents reserved for general county purposes plus the assessments made by the township boards respectively ran the total tax beyond the forty cents allowed by the Constitution. Several persons paid these road taxes and tendered to the county collector the amount of their taxes assessed by the county court less what they had paid to the road overseer for their township road taxes and, exhibiting their receipts for the same, demanded credit on their county assessment, but the collector refused to give the credits demanded. The purpose of this suit is to require those credits to be given.

On the trial of the cause the court found the issues in favor of defendants and dismissed the plaintiff's bill. Plaintiff appealed.

I. The effect of a judgment in relator's favor would be to cut down the assessment for general county purposes from thirty-two to thirty in some cases and to twenty-eight and twenty-five in others.

It is not claimed by the relator that the townships have the right, in the exercise of their statutory power, to assess a road tax so as to increase the total county assessment beyond the forty cents, but he contends that the townships may go to the limit of fifteen cents for roads, and in addition make an assessment necessary to defray township expenses, and those assessments being certified to the county court that court

must conform to the action of the townships, give them their full road tax and sufficient to pay township expenses, and appropriate what is left of the forty cents, whatever that may be, to general county purposes. That would render the county court, when making provision for the expense of conducting the county affairs, to a large extent, subordinate to the township boards. That was not, originally at least, the intention of the General Assembly as expressed in the statutes governing this subject, and if the Legislature has ever changed its purpose in that particular, it has not expressly said so, but appellant contends it has so implied.

The Constitution, article 10, section 11, in imposing this limitation on tax assessments used the words, "For county purposes," which include in their meaning all subdivisions of the county for the use of which taxes may be imposed. Section 9284, Revised Statutes 1899, quotes those words "for county purposes" and uses them in the same sense in which they are used in the Constitution. That section is as follows: "In all counties in this State which have now or may hereafter adopt township organization, if the amount of revenue desired and estimated by the county court for county purposes and the amount desired and estimated by any township board for township purposes shall together exceed the rate per cent on the one hundred dollars valuation allowed by section 11 of article 10 of the Constitution of Missouri 'for county purposes,' then it shall be the duty of the county court to apportion the tax 'for county purposes' between the county organization and the township organization in the following manner, to-wit: Eighty per cent of the taxes which may be legally levied 'for county purposes' shall be apportioned to the county organization for county purposes, and twenty per cent of such taxes shall be apportioned to the township organization for

the purposes provided by section 10277 of the Township Organization Law, as specified by the township board; but the combined rate for both the county and township organizations shall not exceed the maximum rate provided by the Constitution."

Section 10277 referred to in that section is as follows: "The following shall be deemed township charges: First, the compensation of. township officers for their services rendered in their respective townships; second, contingent expenses necessarily incurred for the use and benefit of the township; third, the moneys authorized to be raised by the township board of directors for any purpose, for the use of the township."

It is contended that section 9284 does not include taxes levied for road purposes. If that is so, then that section means that the county court shall apportion eighty per cent of the total forty cents to general county purposes and twenty per cent to payments to the officers of the township organization as compensation for their services and contingent expenses, thus exhausting the whole tax, leaving nothing for roads. That would be unreasonable. The General Assembly did not intend to enact a statute that would be self-destructive. The meaning of that section is that the county court shall apportion the tax, eighty per cent for general county purposes and twenty per cent for all such township purposes as the township has a right to exercise. This construction does not deprive the township of the right to levy a tax for road purposes, as relator thinks it would, but it limits the share that may be apportioned to the township for all its purposes out of the fund to be derived from the forty cents assessment to an amount which will leave sufficient of that fund to furnish the amount estimated by the county court as necessary for general county purposes, and if there is not enough for both

the county must have eighty per cent and the township what is left.

Relator also contends that if section 9284 is construed to include road taxes, then the section has been repealed by implication because, he says, it is in conflict with section 10324, Laws 1901, p. 254, which he says is a later law. That act in its title purports to be an act to repeal certain sections of the Revised Statutes of 1899 specifically mentioned and to enact new sections in lieu thereof. Section 9284 is not one of the sections mentioned as proposed to be repealed, but section 10324 is one of them. The section by the same number enacted in the place of 10324, is substantially the same as the one whose place it takes, except that in the former the limit on the road tax which the township board could assess was twenty cents on the $100, in the latter it was cut down to fifteen cents, and in the former the fund when collected was to be kept by the township treasurer and paid out only on warrants of the township board, in the latter it is to be paid out only on order of the road overseer. The sole purpose of the repealed section was to give the township board power to levy a road tax and the sole purpose of the section enacted in its place was the same. Section 10324, Revised Statutes 1899, is also substantially the same as section 8527, Revised Statutes 1889, which was enacted first in 1883. The two sections, 9284 and 10324, are not at all in conflict; they are not on the same subject, the one confers power on the county court to apportion the total fund arising from the forty cents tax, the other confers on the township board the power to assess a road tax, and the latter was passed in full view of the power then existing in the county court to make the apportionment and it is subordinate to it. The two sections are in the same volume of the Revised Statues 1899, both promulgated as the law

of the State in the same revision. Surely if the General Assembly had intended to say that the one repealed the other, or that the township board had the authority to appropriate to itself one-half of the total tax authorized by the Constitution to be levied for all county purposes, it would not have left so remarkable a purpose to be gathered from so vague an inference. We hold that whether or not the township board in this case had authority to assess the road tax which it did assess, still, the county court had the power to apportion the whole levy in the way it did, giving twenty per cent to the township board to be administered by it, in building its roads and paying its necessary expenses, and reserving eighty per cent to be administered by the county court for general county purposes, and that the township board must exercise the taxing power given to it in subordination to the authority of the county court to make the apportionment required in section 9284.

II. Did this township board have the right to make the tax assessment it made under the conditions shown in the evidence?

The proposition that a valid assessment, that is, an assessment made in the manner prescribed by law, is an essential prerequisite to the lawful exercise of the taxing power, is not questioned.

The law authorizing township organizations and prescribing the method of their proceedings, makes the township clerk *ex officio* township assessor and requires him to make the assessment of all taxable property in his township. This assessment is the essential basis on which alone the township board can make a valid tax assessment. But Henry county did not adopt township organization until the November, 1906, election, therefore the time had passed when a township assessment could be made as a basis for a township tax assessment for the year 1907. There-

fore as the law stood in November, 1906, when Henry county adopted township organization, there could be no township tax assessment in that county for 1907. But the General Assembly passed an act approved March 19, 1907, which the relator thinks covers this case. That act will be found on pages 447 and 448, Laws 1907. It was passed with an emergency clause which is as follows: "There being counties in the State that have recently adopted township organization, and there being no provision for levying township taxes in such counties for this year, creates an emergency within meaning of the Constitution, and this act shall take effect and be in force from and after its passage." That clause is significant of two legislative thoughts: first, it is the legislative interpretation of the township organization law as it theretofore stood; *second,* it shows that the Legislature understood the condition of the counties which had recently adopted township organization and intended to relieve the situation to the extent specified in the body of the act. The act makes special reference to those counties in which township organization was adopted in 1906. The act says: "In all counties having adopted or which may hereafter adopt township organization, wherein the last previous annual assessment shall have been made and returned in separate books for each township, or separated into townships on the assessor's books, township taxes may be levied on the taxable property in all such townships for the first year following the adoption of township organization in such counties, based on such assessment," etc. It is not claimed that the assessment in Henry county for that year was made in the manner prescribed in that section of the Act of 1907, but the contention is that that is not material because practically the same result can be reached by taking the assessment rolls

214 Sup.—29

as they were returned and gathering from them a list of the properties that belong to the respective townships. As a matter of fact that process of selection could probably be worked out with a considerable degree of certainty in so far as real estate is concerned, but as to personal property there is opportunity for mistake and confusion. But at all events that process is not what the Legislature adopted. Relator's claim rests alone on that act and to succeed he must bring his case within its terms. The General Assembly in adopting that act had in mind the subject of counties that had so recently adopted township organization that an assessment by the township assessor could not be made in time for an assessment of township taxes for that year and if it had intended to say that in such case the township board could use the county assessor's list without qualification and levy township taxes thereon, that legislative intention could have been expressed in fewer words than those used. But the lawmaker said that the county assessment might be used provided it had "been made and returned in separate books for each township, or separated into townships on the assessor's books." This assessment was not made in that way, therefore the road tax attempted to be assessed by the township boards in Henry county for the year 1907 was illegal and void.

The judgment is affirmed. All concur.