STATE OF MISSOURI, Out of the Relation and to the Use of MATTIE E. MOORE, Treasurer and Ex-Officio Collector of Nodaway County, Missouri, Appellant, v. WABASH RAILROAD COMPANY, a Corporation.—No. 40571.—208 S. W. (2d) 223.

Division One, February 9, 1948.

*Emmett Bartram* and *J. Dorr Ewing* for appellant.

*L. L. Livengood* and *Russell S. Noblet* for respondent.

[224] CONKLING, J.—In the lower court the appellant (plaintiff) collector unsuccessfully sought judgment against respondent (defendant) for a tax for road and bridge purposes. The tax was purported to have been levied against the property of the railroad distributable to Jefferson Township in Nodaway County. The attempted tax levy was intended to be under the authority of the second sentence of Section 12(a) of Article X of the Constitution of 1945 and Laws

Mo. 1945, page 1480, Sec. 8529. After the adverse judgment appellant brought the case here.

The cause was tried before the Court upon agreed facts. Nodaway County has township organization. The constitutional provision and the statute above mentioned provide for an election whereby *in any road district general or special* an election may be held to determine whether an additional levy of a road and bridge tax shall be made. In Jefferson Township such an election was held and carried in favor of the levy of the tax. In its order calling the election the county court called a "special election to determine the sense and will of the voters of Jefferson Township, Nodaway County, Missouri, upon whether to increase the road and bridge tax." The election was conducted over the entire township. It was canvassed, certified and entered of record in the county court records as a township election. The county court records above referred to also recited that "Jefferson Township, Nodaway County, Missouri is a general road district of Nodaway County". The tax in question was levied, certified, and extended in the "railroad tax book". Demand for payment of the tax was made and refused. The parties agree that no formal action was ever taken by the Township Board of Directors of Jefferson Township creating Jefferson Township either as a general or a special road district, in compliance with Mo. R. S. A. sec. 8814. No attempt was ever made to comply with that statute.

The parties concede, and it is true, that if, under the above facts, and the applicable law, Jefferson Township, in addition to being a township was also a general road district, then respondent is liable for the tax levied, and the judgment below must be reversed. The parties likewise concede that if the township was not a general road district, then the circuit court below ruled correctly and its judgment must be affirmed. Respondent contends that even if Jefferson Township was a general road district, the railroad would not be liable for this tax; that its property in Jefferson Township is subject to taxation only in the manner provided in Laws Mo. 1945, page 1825, et seq. However, if, under the law and the above agreed facts, Jefferson Township was not a general road district, the question now before us, the validity of the tax in question, is thereby determined and we need not rule on respondent's just above noted contention.

The constitutional provision above noted plainly states that "when so authorized by a majority of the qualified electors of *any road district, general or special,* voting thereon at an election held for such purpose", it *shall* be the *duty* of the county court to make an additional levy of taxes (not to exceed thirty-five cents on one hundred dollars assessed valuation); and that such taxes so collected are to be "placed to the credit of the *road district* authorizing such levy". (Emphasis

ours.) This tax is in addition to the other road and bridge taxes authorized in the first sentence of Section 12(a).

The statute, Section 8529 above noted, which undertook to implement that constitutional provision sets out the election procedure for the additional tax allowable by the second sentence of Section 12(a), but likewise limits its applicability in these words: "Whenever ten or more qualified voters and taxpayers residing *in any general or special road district* in any county in this state shall petition the county court of the county in which *such district* is located, asking that such court call an [225] election *in such district* for the purpose of voting", etc. (emphasis ours).

At no place in either the second sentence of the constitutional provision or in the statute is any authority given to a *township* to hold an election to vote with respect to such additional tax, nor is any township given power to authorize a levy for such additional road and bridge tax. Such authority is given only to a road district.

But the election was held by and in Jefferson Township and not by or in a road district.

Special road district need neither be defined nor considered. The parties concede, and it is true, that Jefferson Township was not a "special road district". Appellant merely contends the township was a general road district, without any compliance with Mo. R. S. A. sec. 8814.

We believe that the constitutional provisions and legislative enactments affecting the instant subject matter, when considered with those of like import which were in effect prior to the effective date of our 1945 Constitution, clarify and answer the present question. Upon comparison and analysis they demonstrate a consistent and clear state policy.

By the authority of the township organization act, enacted in 1909 (Laws Mo. 1909, page 870, et seq., R. S. Mo. 1909, Sec. 11751, now Mo. R. S. A. sec. 8814), in counties under township organization, each township Board of Directors was authorized to divide their townships into road districts. By the Roads and Highways law, likewise enacted in 1909 (Laws Mo. 1909, page 727, et seq., R. S. Mo. 1909, Sec. 10464, now Mo. R. S. A. sec. 8514) county courts in counties not under township organization are mandated to divide their counties into road districts.

Section 12(a) of Article X of the 1945 Constitution is not new in Missouri law. It is but a re-adoption of Sections 22 and 23 of Article X of the Constitution of 1875. Section 22 was added to the 1875 Constitution by amendment in 1908. Section 23 was added by amedment in 1920. Section 23 of Article X of the 1875 Constitution used the words "road districts, general or special". Section 12 (a) of the 1945 Constitution uses the words "road district, general or special".

Prior to the amendment to the Constitution in 1908, by the addition of Section 22 of Article X, Section 11 of Article X set a maximum tax rate collectible for all purposes, but failed to state the exact portion which should be collected for or allocated to any specific purpose. However, R. S. Mo. 1909, Sec. 10481, declared that no more than twenty cents on the $100 valuation should be assessed for road purposes, and required the same to be placed "to the credit of the road district from which said tax was collected", to be expended by the road overseers. While nothing appears in Section 22 of Article X of the 1875 Constitution with respect to the use to be made of the tax money, except that it be devoted to road and bridge purposes, it is noticed that the statutes passed pursuant to that amendment required it be used by the counties not under township organization, and by the townships in counties having township organization. R. S. Mo. 1909, Sections 10482 and 11770.

The above noted sections of the statute which were before the 1909 legislature, in view of the above mentioned Sections 22 and 23 of Article X of the 1875 Constitution, and the present statutes, clearly demonstrate consistent legislative policy. Section 11 of Article X of the 1875 Constitution provided the levy of taxes for county, city, town and school purposes on all subjects of taxation and limited the rates under certain circumstances. Section 22 authorized an additional tax for road and bridge purposes. Section 23 authorized yet another additional tax (after approval by election therefor) for a *road district,* to be placed to the credit of the *road district* authorizing the same by election.

The years which have followed 1909 saw new road and highway legislation enacted but brought no change in legislative policy. In line with constitutional mandate counties and townships were given proper powers to take care of their roads. But only road districts were and now are authorized by election to vote upon themselves the second additional tax [226] levy for road and bridge purposes which is authorized by the second sentence of Section 12(a) of Article X and by Laws Mo. 1945, page 1480, Sec. 8529. The distinction between county and township powers on the one hand and road district powers on the other has been clearly maintained through the years. It is now clear. The present Constitution and the present statute maintain the same line of demarcation. The legislative history admits of but one conclusion.

Under Section 22, mentioned above, the additional tax was levied by the township boards or county courts. But under Section 23, as under Section 12(a), both above mentioned, the power to levy the second additional tax is not in the county court or the township board, but is in the voters of a road district to determine whether the same shall be levied. If the voters of the *road district* vote the additional tax upon

themselves it is mandatory upon the county court to make the levy of the tax. If the words "general road district" were intended to be used in a sense interchangeable with "township", then Sections 23 and 12(a) would have had to have been differently worded.

"Road district" has a distinct connotation and understanding in the law. It is but an agency or subdivision of the state *created by law* to aid in the administration of that general function which concerns highways. 39 C. J. S. 1089.

Upon a complete examination of the constitutional sections and of the statutes enacted pursuant thereto beginning in 1909, it appears there is nothing in any language used, any procedure prescribed or any purpose indicated which points to any different intended use of the words "road district", than that in which they are commonly understood and accepted. Certainly the words are not synonomous with township. There may be a number of general road districts within a township. A special road district would conceivably embrace much more than an entire township. We can reach no other conclusion than that Section 23 was adopted, and carried forward into the second sentence of Section 12(a) for the specific purpose of permitting the people in such a "road district" to vote the second additional tax upon themselves for road purposes should that be their desire.

We have closely examined the cases and statutes cited by appellant but they are not in point upon the question now before us. Typical of the cases cited is Harrison & Mercer County Drainage District v. Trail Creek Township, 317 Mo. 933, 297 S. W. 1, wherein we held a township liable for a benefit assessment against the township roads located within the drainage district. Nor does it follow as of course, or at all, from appellant's contention, made in her brief and orally argued to us, that because a township has the duty or responsibility for the roads within the township that it is a road district for tax purposes within the meaning of the constitutional section and the statute. We are here considering an attempt to tax. Strict compliance with the statute is required. Failing in compliance, the attempt to tax must fail.

It is axiomatic that taxation, the taking of private property for public use, required strict compliance with the law. A tax may be levied only when the proceedings therefor are wholly within the terms of a statute which authorizes it. Where the statute purporting to authorize the tax has not been compiled with the levy of the tax of necessity is invalid. As a condition precedent to a valid levy of taxes in the instant case the favorable vote of a *legally established road district* was required.

From the above it follows that Jefferson Township was not a general road district under the Constitution and the applicable statutes, that

386

·not being a general road district it had no authority to hold such an election..and that such election gave no authority to levy the tax the ·plaintiff now seeks to collect.

The judgment of the circuit court is therefore affirmed. It is so ordered. All concur.