Dear Mr. Schwartze:
This letter is in response to your question asking as follows:
 "Pursuant to the provisions of Sections 137.555 to 137.600 and Article Ten Section 12(a), RSMo., as amended, a special election was held to determine whether or not the voters of Maries County, Missouri desired an increase in taxes of 15¢ on the $100 assessed valuation, which election was held on April 3, 1979. Maries County has been commonly known to contain a common road district no. 1 and a common road district no. 2, however, no records can be found pursuant to the provisions of Section 231.010 RSMo., as to whether or not Maries County was divided into two distinct road districts. The election was conducted on separate ballots, copies enclosed, with results being that the issue carried in common road district no. 1 by 14 votes and failed in common road district no. 2 by 5 votes.
 "Considering the way the election was held and the provisions of the statutes quoted above, will this increase in levy be applicable throughout the county or only in common road district no. 1?"
While we do not purport to pass on factual situations, it is clear from what you state that there is no record of the county court creating any road districts pursuant to § 231.010, RSMo.
Under the holding of State ex rel. to the Use of Moorev. Wabash R. Co., 208 S.W.2d 223 (Mo.Sup. 1948), only road districts are authorized to vote upon themselves the second additional tax levy for road and bridge purposes which is authorized by the second sentence of § 12 of Art. X of the Missouri Constitution and § 137.565, RSMo.
Inasmuch as it appears that no such common road districts actually exist and since the county itself is not a "road district", it seems clear that the election was invalid and as a consequence such levy cannot be made.
Very truly yours,
 JOHN ASHCROFT Attorney General