Dear Mr. Moseley:
You have requested an opinion of this office on the following questions:
 Assuming that a second class county has adopted a county sales tax pursuant to Sec. 67.500
et seq., and,
 Assuming that within that county there exists a special road district organized under chapter 233.010 to 233.165:
 1. If voters have approved an increase above 35 cents on each hundred dollar assessed valuation for the general road and bridge fund (Article 10, Sec. 12(a) first sentence) is the amount of tax collected above the 35 cents figure subject to roll back pursuant to Sec. 67.505.
 2. If voters of a special road district (233.010 — 233.165) have authorized an additional levy pursuant to Article 10 Sec. 12(a) second sentence, is any of that levy subject to roll back pursuant to Sec. 67.505.
 3. Is it permissible for the county to distribute funds collected pursuant to a county wide sales-tax (Sec. 67.505) to a special road district.
 4. If number 3 is yes, and a special road district receives sales tax from the county, then must the special road district roll back its property tax collected pursuant to Article 10, Sec. 12(a) (second sentence).
 5. What is the meaning of the word "general" as used in the phrase "of any road district, general or special" in the second sentence of Article 10 Sec. 12(a).
Article X, Section 12(a), Missouri Constitution, states:
 In addition to the rates authorized in section II [sic] for county purposes, the county court in the several counties not under township organization, the township board of directors in the counties under township organization, and the proper administrative body in counties adopting an alternative form of government, may levy an additional tax, not exceeding fifty cents on each hundred dollars assessed valuation, all of such tax to be collected and turned in to the county treasury to be used for road and bridge purposes; provided that, before any such county may increase its tax levy for road and bridge purposes above thirty-five cents it must submit such increase to the qualified voters of that county at a general or special election and receive the approval of a majority of the voters voting on such increase. In addition to the above levy for road and bridge purposes, it shall be the duty of the county court, when so authorized by a majority of the qualified electors of any road district, general or special, voting thereon at an election held for such purpose, to make an additional levy of not to exceed thirty-five cents on the hundred dollars assessed valuation on all taxable real and tangible personal property within such district, to be collected in the same manner as state and county taxes, and placed to the credit of the road district authorizing such levy, such election to be called and held in the manner provided by law provided that the general assembly may require by law that the rates authorized herein may be reduced. [Emphasis added.]
Section 137.555, RSMo 1978,[1] states:
 In addition to other levies authorized by law, the county court in counties not adopting an alternative form of government and the proper administrative body in counties adopting an alternative form of government, in their discretion may levy an additional tax, not exceeding thirty-five cents on each one hundred dollars assessed valuation, all of such tax to be collected and turned into the county treasury, where it shall be known and designated as "The Special Road and Bridge Fund" to be used for road and bridge purposes and for no other purpose whatever; provided, however, that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any special road district shall be paid into the county treasury and four-fifths of such part or portion of said tax so arising from and collected and paid upon any property lying and being within any such special road district shall be placed to the credit of such special road district from which it arose and shall be paid out to such special road district upon warrants of the county court, in favor of the commissioners or treasurer of the district as the case may be; provided further, that the part of said special road and bridge tax arising from and paid upon property not situated in any special road district and the one-fifth part retained in the county treasury may, in the discretion of the county court, be used in improving or repairing any street in any incorporated city or village in the county, if said street shall form a part of a continuous highway of said county leading through such city or village. [Emphasis added.]
In Opinion No. 129, Lybyer, 1979, copy enclosed, we concluded that Article X, Section 12(a), is self-enforcing and that the thirty-five cents limit in Section 137.585 must yield to this constitutional authorization of a fifty cents levy. A like result is reached under Section 137.555. However, nothing herein should be read as "repealing" the provision of Section 137.555 requiring the transfer of four-fifths of the additional tax arising from property lying in any special road district to such special road district.
Section 67.505.3, RSMo Supp. 1982, which is part of the County Sales Tax Act, states in part:
 Each year in which a sales tax is imposed under the provisions of sections 67.500 to 67.545, the county shall, after determining its budget, excluding funds required to be set aside and placed to the credit or special road districts,
within the limits set by the constitution and laws of this state for the following calendar year and the total property tax levy needed to raise the revenues required by such budget, reduce that total property tax levy in an amount sufficient to decrease the total property taxes it will collect by an amount equal to one of the following:
 (1) Fifty percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 (2) Sixty percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 (3) Seventy percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 (4) Eighty percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 (5) Ninety percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 (6) One hundred percent of the sales tax revenue collected in the tax year for which the property taxes are being levied;
 Provided that, in the event that the immediately preceding year a county actually collected more or less sales tax revenue than the amount determined under subdivision (4) of section 67.500, the county shall adjust its total property tax levy for the current year to reflect such increase or decrease. [Emphasis added.]
Section 67.500(5), RSMo Supp. 1982, defines "total property tax levy" to include:
 [A]ll those ad valorem taxes which counties have the authority to levy on all classes of property, except those ad valorem taxes originally requiring voter approval and those taxes levied to retire indebtedness, plus an allowance for ad valorem taxes which will be billed but not collected in the calendar year. The individual tax rates of these ad valorem taxes shall not exceed the amounts allowed to be levied without voter approval by the constitution and laws of this state unless the voters have approved that rate of levy. [Emphasis added.]
The additional levy authorized by the first sentence in Article X, Section 12(a), and Section 137.555 may be imposed at a rate up to thirty-five cents on each hundred dollars of assessed valuation without voter approval; if this levy is increased above thirty-five cents on each hundred dollars assessed valuation, the increase must be approved by the voters. Therefore, this levy, whether above, at, or below the thirty-five cents level, is not one originally requiring voter approval, and is part of the "total property tax levy" under the definition of that term in Section 67.500(5), RSMo Supp. 1982. However, four-fifths of this levy derived from property within any special road district is transferred to such special road district pursuant to Section 137.555. This "four-fifths" money is excluded from the calculation of the County Sales Tax Act roll back pursuant to Section 67.505.3, RSMo Supp. 1982.
The tax authorized pursuant to the second sentence of Article X, Section 12(a), and Sections 137.565 to 137.575 is one originally requiring voter approval; this tax is not part of the "total property tax levy" as that phrase is defined pursuant to Section67.500(5), RSMo Supp. 1982. Therefore, no part of this levy is subject to the County Sales Tax Act roll back.
In response to your third question, we are aware of no statutes authorizing counties to grant county sales tax revenues to special road districts. In the absence of specific authority, such a grant is not permissible. This conclusion is supported by Section 50.550, which prohibits counties from budgeting grants for the repair and upkeep of bridges in special road districts.
Our response to your third question is "no"; therefore, we will not discuss your fourth question.
In response to your fifth question, we believe general road districts are those organized pursuant to Section 231.010. See,State ex rel. Moore v. Wabash R. Co., 208 S.W.2d 223 (Mo. 1948).
CONCLUSIONS
1. The tax levy authorized by the first sentence of Article X, Section 12(a), Missouri Constitution, and Section 137.555, RSMo 1978, is part of the "total property tax levy" as that phrase is defined in Section 67.500(5), RSMo Supp. 1982. Therefore, this levy is subject to the County Sales Tax Act roll back. Four-fifths of the funds generated by this levy from property in a special road district are credited to the special road district and are excluded from the calculation of the County Sales Tax Act roll back pursuant to Section 67.505.3, RSMo Supp. 1982.
2. The levy authorized by the second sentence of Article X, Section 12(a), Missouri Constitution, and Sections 137.565 to137.575, RSMo 1978, is not part of the "total property tax levy" as that phrase is defined in Section 67.500(5), RSMo Supp. 1982. Therefore, this levy is not subject to the County Sales Tax Act roll back.
3. Counties are not authorized to grant county sales tax revenues to special road districts.
4. General road districts are those organized pursuant to Section 231.010, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 129, Lybyer, 1979
[1] All statutory references are to RSMo 1978, unless otherwise indicated.