Dear Senator Lybyer:
This opinion is in response to your questions asking:
 If voters abolish township form of government, what would the maximum tax rates be for road and bridge purposes and for general revenue purposes, furthermore, would the county need a special election to establish these tax limits or does the County Commission set the rates according to the statutes of Missouri and the Missouri Constitution?
Because your opinion request is devoid of any specific facts involving these questions, we will utilize the following hypothetical: X County is a third class, township organization county with less than three hundred million dollars ($300,000,000.00) assessed valuation. On November 4, 1980, the date of the Hancock Amendment, Missouri Constitution, Article X, Sections 16-24, was approved, X County had a general operating levy of fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation, which had been imposed without a vote of the people under Missouri Constitution, Article X, Section 11(b)[1]
and Section 137.065.1, RSMo 1978.[2] Ten cents ($.10) of that fifty cent ($.50) levy was apportioned to the townships under Sections 65.380[3] and 137.070, RSMo 1978.[4]
Prior to November 4, 1980, all of the townships in X County formed each township into a single road district under what is now Section 231.160, RSMo 1978.[5] See also Section 65.390, RSMo 1978. There are no special road districts organized under Chapter 233, RSMo, in X County. Prior to November 4, 1980, the voters of the road district voted in a levy of thirty-five cents ($.35) per one hundred dollars ($100.00) assessed valuation for road and bridge purposes under Missouri Constitution, Article X, Section 12(a).[6] See State ex rel. to use of Moore v.Wabash R. Co., 35 Mo. 380, 208 S.W.2d 223 (1948) (holding that townships are not road districts for purposes of the additional, voter-approved, thirty-five cent ($.35) road and bridge levy in Missouri Constitution, Article X, Section 12(a)).
After the 1978 amendment to Missouri Constitution, ArticleX, Section 12(a) but prior to November 4, 1980, all of the townships in X County imposed a levy of fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation for road and bridge purposes without a vote of the people under Missouri Constitution, Article X, Section 12(a). See Opinion No. 129, Lybyer, 1979 (concluding that the thirty-five to fifty cent ($.35 to $.50) voter approval requirement of the 1978 amendment to Missouri Constitution, Article X, Section 12(a) applies only to counties and that the thirty-five cent ($.35) limitation in Section 137.585, RSMo 1978, was superseded by the 1978 amendment to Missouri Constitution, Article X, Section 12(a)), copy enclosed. X County, itself, did not have a tax levy for road and bridge purposes on November 4, 1980.
In 1985, X County and its townships and road districts were subjected to both the general reassessment tax rate rollback under Section 137.073.2, RSMo Supp. 1985,[7] and the Hancock Amendment tax rate rollback, Missouri Constitution, Article X, Section 22(a).[8] X County's general operating levy was rolled back to forty-five cents ($.45) under the statutory rollback and to forty-six cents ($.46) under the Hancock Amendment rollback, resulting in a general operating levy of forty-five cents ($.45) per one hundred dollars ($100.00) assessed valuation. See
Section 137.073.5(2), RSMo Supp. 1985;[9] Opinion No. 46, Proffer, 1982 (requiring the lowest of the two figures to be imposed). Nine cents ($.09) of X County's forty-five cent ($.45) general operating levy is allocated to the townships under Section 137.070, RSMo 1978.
More than six (6) months prior to the general election to be held on November 4, 1986, a petition signed by at least one hundred (100) qualified electors of X County praying for the abolition of township organization is filed with the X County Commission under Section 65.610, RSMo 1978.[10] The X County Commission submits the following question to the voters at a special election called within sixty (60) days of the filing of the petition but prior to the last day for setting 1986 property tax rates, to-wit:
 OFFICIAL BALLOT (Check the one for which you wish to vote.)
 Shall township organization form YES ________ of county government be abolished in ______________________ County? NO ________
A majority of the voters approve the abolition of township organization, and as provided in Section 65.610, RSMo 1978: "[E]xcept as provided in section 65.620[11] all laws in force in relation to counties not having township organization shall immediately take effect and be in force in such county." (Endnote added.) X County does have time to create general road districts in the county under Section 231.010, RSMo 1978,[12]
before the 1986 tax-rate-setting deadline.
 I. Maximum X County General Operating Levy Which Can Be Imposed Without an Election.
Missouri Constitution, Article X, Section 11(b) and Section 137.065, RSMo 1978, authorize X County to impose a levy of fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation for "county purposes". (This levy has been rolled back to forty-five cents ($.45) in the hypothetical.) Section137.070, RSMo 1978, requires the apportionment of this levy for "county purposes" to the county and to the townships on an eighty percent/twenty percent (80%/20%) basis. The twenty percent (20%) moneys from the county general operating levy which are allocated to the townships are not independent levies of townships but are merely an allocation of county taxes over to political subdivisions of the counties. See State ex rel.Conrad v. Piper, 214 Mo. 439, 114 S.W. 1, 2 (banc 1908). Thus, when the voters in X County abolish the township form of government, they do not abolish authority for the twenty percent (20%) moneys allocated to the townships, because the twenty percent (20%) moneys are part of the county levy and such is not an independent levy of the township that is abolished when the township form of government is abolished.
Accordingly, the maximum general operating levy that X County could impose without a vote is forty-five cents ($.45) per one hundred dollars ($100.00) assessed valuation.
 II. Maximum X County Road and Bridge Levy Which Can Be Imposed Without an Election.
Missouri Constitution, Article X, Section 12(a) and Section 137.555, RSMo 1978,[13] authorize counties not under township organization to impose a road and bridge levy of thirty-five cents ($.35) per one hundred dollars ($100.00) assessed valuation without a vote. The 1978 amendment to Missouri Constitution, Article X, Section 12(a) increased the maximum county road and bridge levy to fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation; provided, that any county road and bridge levy above thirty-five cents ($.35) has to be voter-approved.
Missouri Constitution, Article X, Section 22(a) provides in part:
 (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
(Emphasis added.)
In the instant hypothetical, X County was "not authorized by law" to impose a road and bridge levy on November 4, 1980.See Missouri Constitution, Article X, Section 12(a) (allowing only the county courts of counties not under township government to impose road and bridge levies). Because X County was not authorized by law to impose a road and bridge levy on November 4, 1980, it must have voter approval to now impose a road and bridge levy under Missouri Constitution, Article X, Section 22(a). X County cannot impose a road and bridge levy without voter approval.
The X County general road districts are in a similar situation. When township organization was abolished, the township road districts were also abolished. The newly formed county general road districts must obtain voter approval before they can impose the additional thirty-five cents ($.35) per one hundred dollars ($100.00) assessed valuation road and bridge levy authorized by Missouri Constitution, Article X, Section12(a). This result is not only reached under the Hancock Amendment but also under the language of Missouri Constitution, Article X, Section 12(a), itself.
 III. The Maximum X County Road and Bridge Levy Which Can be Imposed With a Vote of the People.
Missouri Constitution, Article X, Section 12(a) allows X County to impose a county road and bridge levy of fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation; provided, that the rate above thirty-five cents ($.35) must be approved by a vote. See note 6, supra. The thirty-five cent ($.35) limitation in Section 137.555, RSMo 1978, should be disregarded. See Opinion No. 129, Lybyer, 1979. Missouri Constitution, Article X, Section 12(a) also allows the voters of general road districts to authorize a levy of up to thirty-five cents ($.35) per one hundred dollars ($100.00) assessed valuation to be used for road and bridge purposes.
As stated earlier, we believe the Hancock Amendment, Missouri Constitution, Article X, Section 22(a), is applicable to the initial imposition of the X County road and bridge levy and to the initial imposition of X County's general road districts. The rollback formula found in Section137.073.6(1)(b), RSMo Supp. 1985,[14] is inapplicable to these levies, because these levies did not exist in 1985, the year of the tax rate rollbacks, and such could not be reduced under those provisions.
Accordingly, X County may impose a road and bridge levy of fifty cents ($.50) per one hundred dollars ($100.00) assessed valuation upon a simple majority vote of the electorate. X County may impose an additional thirty-five cents ($.35) per one hundred dollars ($100.00) assessed valuation levy for road and bridge purposes upon a simple majority vote of the electorate in its general road districts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
 NOTES
(For clarity, section quotations generally include headings by the Revisor of Statutes.)
[1] Missouri Constitution, Article X, Section 11(b) states, in part:
 Section 11(b). Limitations on local tax rates. Any tax imposed upon such property by municipalities, counties or school districts, for their respective purposes, shall not exceed the following annual rates:
* * *
 For counties — thirty-five cents on the hundred dollars assessed valuation in counties having three hundred million dollars or more, assessed valuation and having by operation of law attained the classification of a county of the first class; and fifty cents on the hundred dollars assessed valuation in all other counties;
* * *
[2] Section 137.065.1, RSMo 1978, states:
 137.065. Limit of county taxes — increase — election — ballot. — 1. For county purposes the annual tax on property, not including taxes for the payment of valid bonded indebtedness or renewal bonds issued in lieu thereof, shall not exceed the rates herein specified: In counties having three hundred million dollars or more assessed valuation the rates shall not exceed thirty-five cents on the hundred dollars assessed valuation; and in counties having less than three hundred million dollars assessed valuation the rate shall not exceed fifty cents; provided, that in any county the maximum rates of taxation as herein limited may be increased for not to exceed four years, when the rate and purpose of the increase are submitted to a vote and two-thirds of the voters of the county voting thereon shall vote therefor.
[3] Section 65.380, RSMo 1978, states:
 65.380. Estimate of expenses. — The township board of directors shall, annually, not less than twenty nor more than sixty days prior to the first day of September, make out and file with the clerk of the county court of their county an estimate of the amount of money required to defray the expenses of said township during the next ensuring year. Said estimates shall be signed by the president and attested by the clerk of the board. The clerk of the county court shall cause the same to be placed on the tax books of said township; provided that the amount of such expenses shall not exceed in any one year twenty cents on the hundred dollars assessed valuation of the taxable property within said township.
[4] Section 137.070, RSMo 1978, states:
 137.070. Apportionment in counties having township organization. — In all counties in this state which have now or may hereafter adopt township organization, if the amount of revenue desired and estimated by the county court for county purposes and the amount desired and estimated by any township board for township purposes shall together exceed the rate percent on the one hundred dollars valuation allowed by section 11 of article X of the Constitution of Missouri for county purposes, then it shall be the duty of the county court to apportion the tax for county purposes between the county organization and the township organization in the following manner, to wit: Eighty percent of the taxes which may be legally levied for county purposes shall be apportioned to the county organization for county purposes, and twenty percent of such taxes shall be apportioned to the township organization for the purposes provided by section 65.360, RSMo, of the township organization law, as specified by the township board; but the combined rate for both the county and township organizations shall not exceed the maximum rate provided by the constitution.
[5] Section 231.160, RSMo 1978, states:
 231.160. Board to form districts — boundary lines — established how — overseer — appointment. — The township board of directors shall form the township into one or more road districts. If the boundary line of any road district is along a public road, then one or the other edge of said road, and not the center line, shall be the boundary line of such road; and, in the event the township boards of adjoining townships are unable to agree upon the boundary lines of roads that are on the boundary lines of townships, then the county court, or county courts, of the particular county, or counties, interested shall settle boundary lines along such township lines. In the month of April each year the board shall appoint a road overseer for each district, who shall serve for one year and until his successor is appointed and qualified. Any road overseer may be removed from office by the township board for incompetency, neglect or other good cause, and a successor may be appointed by them in his stead.
[6] Missouri Constitution, Article X, Section 12(a) states:
 Section 12(a). Additional tax rates for county roads and bridges — road districts — reduction in rate may be required, how. In addition to the rates authorized in section II [sic] for county purposes, the county court in the several counties not under township organization, the township board of directors in the counties under township organization, and the proper administrative body in counties adopting an alternative form of government, may levy an additional tax, not exceeding fifty cents on each hundred dollars assessed valuation, all of such tax to be collected and turned in to the county treasury to be used for road and bridge purposes; provided that, before any such county may increase its tax levy for road and bridge purposes above thirty-five cents it must submit such increase to the qualified voters of that county at a general or special election and receive the approval of a majority of the voters voting on such increase. In addition to the above levy for road and bridge purposes, it shall be the duty of the county court, when so authorized by a majority of the qualified electors of any road district, general or special, voting thereon at an election held for such purpose, to make an additional levy of not to exceed thirty-five cents on the hundred dollars assessed valuation on all taxable real and tangible personal property within such district, to be collected in the same manner as state and county taxes, and placed to the credit of the road district authorizing such levy, such election to be called and held in the manner provided by law provided that the general assembly may require by law that the rates authorized herein may be reduced.
[7] Section 137.073.2, RSMo Supp. 1985, states:
 2. Whenever changes in assessed valuation that result from a general reassessment of real property within the county are entered in the assessor's books, the county clerk in all counties and the assessor of St. Louis city shall notify each political subdivision wholly or partially within the county of the change in valuation, and each political subdivision wholly or partially within the county, including municipalities maintaining their own tax books, shall immediately revise the rates of levy for each purpose for which taxes are levied to the extent necessary to produce from all taxable property, including state assessed property, substantially the same amount of tax revenue as was produced in the previous year and, in addition thereto, a percentage of the previous year's revenues equal to the preceding valuation factor of the political subdivision.
[8] The tax rate rollback provision in Missouri Constitution, Article X, Section 22(a) provides:
 If the assessed valuation of property as finally equalized, excluding the value of new construction and improvements, increases by a larger percentage than the increase in the general price level from the previous year, the maximum authorized current levy applied thereto in each county or other political subdivision shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.
[9] The relevant language in Section 137.073.5(2), RSMo Supp. 1985, states:
 (2) Each political subdivision shall annually calculate each tax rate it is authorized to levy and, in establishing each tax rate, shall consider each provision for tax rate rollback or reduction, provided in this section and section 22 of article X of the Constitution of Missouri, separately and without regard to annual tax rate reductions provided in sections 67.505 and 164.013, RSMo. Each political subdivision shall set each tax rate it is authorized to levy using the calculation that produces the lowest tax rate ceiling. . . .
[10] Section 65.610.1, RSMo 1978, provides:
 65.610. Abolition of township organization — procedure. — 1. Upon the petition of at least on hundred qualified electors of any county having heretofore adopted township organization, praying therefor, the county court shall submit the question of the abolition of township organization to the voters of the county at a general or special election. If the petition is filed six months or more prior to a general election, the proposition shall be submitted at a special election to be ordered by the county court within sixty days after the petition is filed; if the petition is filed less than six months before a general election, then the proposition shall be submitted at the general election next succeeding the filing of the petition. The election shall be conducted, the vote canvassed and the result declared in the same manner as provided by law in respect to elections of county officers. The clerk of the county court shall give notice that a proposition for the abolition of township organization form of county government in the county is to be voted upon by causing a copy of the order of the county court authorizing such election to be published at least once each week for three successive weeks, the last insertion to be not more than one week prior to the election, in some newspaper published in the county where the election is to be held, if there is a newspaper published in the county and, if not, by posting printed or written handbills in at least two public places in each election precinct in the county at least twenty-one days prior to the date of election. The clerk of the county court shall provide the ballot which shall be printed and in substantially the following form:
 OFFICIAL BALLOT (Check the one for which you want to vote)
 Shall township organization form of YES __ county government be abolished in ___________________________ County? NO __
 If a majority of the electors voting upon the proposition shall vote for the abolition thereof the township organization form of county government shall be declared to have been abolished; and township organization shall cease in said county; and except as provided in section 65.620 all laws in force in relation to counties not having township organization shall immediately take effect and be in force in such county.
[11] Section 65.620, RSMo Supp. 1984, states:
 65.620. Abolition of township government — effect — 1. Whenever any county abolishes township organization the county treasurer and ex officio collector shall immediately settle his accounts as treasurer with the county court and shall thereafter perform all duties, exercise all powers, have all rights and be subject to all liabilities imposed and conferred upon the county collector of revenue under chapter 52, RSMo, until the first Monday in March after the general election next following the abolishment of township organization and until a collector of revenue for the county is elected and qualified. The person elected collector at the general election as aforesaid, if that election is not one for collector of revenue under chapter 52, RSMo, shall serve until the first Monday in March following the election and qualification of a collector of revenue under chapter 52, RSMo. Upon abolition of township organization a county treasurer shall be appointed to serve until the expiration of the term of such officer pursuant to chapter 54, RSMo.
 2. Upon abolition of township organization, title to all property of all kinds theretofore owned by the several townships of the county shall vest in the county and the county shall be liable for all outstanding obligations and liabilities of the several townships.
 3. The terms of office of all township officers shall expire on the abolition of township organization and the township trustee of each township shall immediately settle his accounts with the county clerk and all township officers shall promptly deliver to the appropriate county officers, as directed by the county court, all books, papers, records and property pertaining to their offices.
[12] Section 231.010, RSMo 1978, states:
 231.010. County courts to divide counties into road districts. — The county courts of all counties, other than those under township organization, shall, during the month of January, 1918, with the advice and assistance of the county highway engineer, divide their counties into road districts, all to be numbered, of suitable and convenient size, road mileage and taxable property considered. Said courts shall, during the month of January biennially thereafter, have authority to change the boundaries of any such road district as the best interest of the public may require.
[13] Section 137.555, RSMo 1978, states:
 137.555. Special road and bridge tax, how levied, collected and disbursed. — In addition to other levies authorized by law, the county court in counties not adopting an alternative form, of government and the proper administrative body in counties adopting an alternative form of government, in their discretion may levy an additional tax, not exceeding thirty-five cents on each one hundred dollars assessed valuation, all of such tax to be collected and turned into the county treasury, where it shall be known and designated as "The Special Road and Bridge Fund" to be used for road and bridge purposes and for no other purpose whatever; provided, however, that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any special road district shall be paid into the county treasury and four-fifths of such part or portion of said tax so arising from and collected and paid upon any property lying and being within any such special road district shall be placed to the credit of such special road district from which it arose and shall be paid out to such special road district upon warrants of the county court, in favor of the commissioners or treasurer of the district as the case may be; provided further, that the part of said special road and bridge tax arising from and paid upon property not situated in any special road district and the one-fifth part retained in the county treasury may, in the discretion of the county court, be used in improving or repairing any street in any incorporated city or village in the county, if said street shall form a part of a continuous highway of said county leading through such city or village.
The thirty-five cent ($.35) limitation in this statute should be disregarded. See Opinion No. 129, Lybyer, 1979.
[14] Section 137.073.6(1)(b), RSMo Supp. 1985, provides:
 6. (1) In all political subdivisions except school districts, the tax rate ceiling established pursuant to this section shall not be exceeded in the year of the tax rate reduction or thereafter unless a higher tax rate is approved by a vote of the people. Approval of the higher tax rate shall be by at least a majority of votes cast, except:
* * *
 (b) When a higher tax rate, before reduction, could have been approved by a majority of the votes cast, the maximum tax rate increase that can be approved by a majority after reduction shall be completed as follows: The maximum cumulative percent the original tax rate ceiling can be increased by a majority vote in the future shall be the same percent which the tax rate prior to reduction was exceeded by the maximum tax rate that could be voted by a majority; any increase in the tax rate ceiling beyond that percent shall require approval by at least two-thirds of the votes cast; . . .